USDC IN/ND case 3:26-cv-00062-CCB-SJF   document 13   filed 03/19/26   page 1 of 5

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

LUIS RICARDO GUARIN PEREZ,

Petitioner,

v.

KRISTI NOEM, SAMUEL OLSON, and
BRIAN ENGLISH,

Respondents.

CAUSE NO. 3:26-CV-62-CCB-SJF

## **OPINION AND ORDER**

Immigration detainee Luis Ricardo Guarin Perez, by counsel, filed a petition for

a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is being unlawfully detained

in violation of the laws or Constitution of the United States. ECF 1. Respondents have

answered the petition, and Guarin Perez has replied. ECF 7, ECF 9. For the following

reasons, the court will grant the petition.

## BACKGROUND

Guarin Perez is a native and citizen of Colombia. He was a lawful permanent

resident until he was ordered removed to Colombia in 2008. ECF 1 at 2. He was

removed from the United States in 2008, but he later re-entered the United States,

resulting in additional removals in 2010 and 2014. ECF 7-1 at 4. Around 2022, he re-

entered the United States again, was detained upon re-entry, and was convicted of

illegal re-entry under 8 U.S.C. § 1326. *Id.* at 3-4. When he returned to ICE custody, he

claimed fear of returning to Colombia and was released on an Order of Supervision

while withholding-only proceedings were ongoing. *Id.* On January 26, 2025, officers from ICE Enforcement and Removal Operations (ERO) arrested Guarin Perez at his home. *Id.* at 4.

On July 2, 2025, Guarin Perez was granted withholding of removal to Colombia under the Convention Against Torture. ECF 7-1 at 10. On October 3, 2025, ICE officials made the determination to maintain him in custody, concluding that his release would pose a danger to the community. ECF 1-2 at 1-3. An interview with Guarin Perez regarding whether he would be released was held on October 7, 2025. ECF 1 at 2, ECF 1-3 at 1-2. He says that after his interview, he was told that ICE/ERO officers had reached out to Mexico's government to inquire if they would accept him, but Mexico refused. ECF 1 at 6. He was told no other countries were approached about accepting him.

In answering the petition, respondents provided a declaration from an ICE Supervisory Detention and Deportation Officer, which states, "ICE ERO is currently investigating third country removal options for [Guarin Perez] consistent with DHS policy and in accord with the immigration judge's decision." ECF 7-2 at 3. As of February 11, 2026, when the declaration had been signed, no third country had been identified.

<u>SUBJECT MATTER JURISDICTION</u>

The respondents first argue that the court lacks subject matter jurisdiction over Guarin Perez's habeas petition under 8 U.S.C. § 1252(g) and § 1252(b)(9). This court has thoroughly considered its jurisdiction to review post-removal-order immigration detention. For the reasons previously stated, jurisdiction is secure. *See Vu v. English*, No.

3:25CV999 DRL-SJF, 2026 WL 194171, 2-3 (N.D. Ind. Jan. 26, 2026) (Leichty, J.)

(discussing § 1252(b)(9) and § 1252(g)); *see also Kem v. Noem*, No. 3:25-CV-997-DRL-SJF,

2026 WL 100566, at *1 (N.D. Ind. Jan. 14, 2026) (Leichty, J.) (discussing § 1252(g)); *Pho v.*

*Noem*, No. 3:25-CV-977-CCB-SJF, 2025 WL 3750684, at *1-*4 (N.D. Ind. Dec. 29, 2025)

(Brisco, J.) (discussing § 1252(g)), *appeal docketed* No. 26-1404 (7th Cir. Mar. 2, 2026).

## MERITS

Regarding the merits of the petition, respondents first argue that removal to a

third country is lawful. This issue, however, is irrelevant to the merits of Guarin Perez's

petition because no third country has been identified for his removal.

Next, respondents argue that Guarin Perez's detention is lawful under 8 U.S.C.

§ 1231 because the statute authorizes detention pending execution of a removal order.

The Supreme Court has confirmed that noncitizens who are subject to a reinstated

removal order for reentering the United States after having been previously removed

are detained under § 1231, even while withholding-only proceedings are ongoing. *See*

*Johnson v. Guzman Chavez*, 594 U.S. 523, 533 (2021). Under § 1231, detention is

mandatory for a 90-day "removal period," which begins on the latest of three events:

(1) the date the removal order becomes administratively final, (2) the date of a

reviewing court's final order if the noncitizen seeks judicial review and the court orders

a stay of removal, or (3) upon the noncitizen's release from non-immigration detention

or confinement.[1] 8 U.S.C. § 1231(a)(1)(B), (a)(2)(A). Beyond the removal period,

---

[1] Whether and how the removal period applies when a removal order has been reinstated is not material to this decision because Guarin Perez's current detention has well exceeded 90 days.

continued detention is authorized only for certain noncitizens delineated in § 1231(a)(6) and only as long as removal is reasonably foreseeable. *See Zadvydas v. Davis*, 533 U.S. 678, 699 (2001) ("[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute."). The Supreme Court has instructed that once removal is not reasonably foreseeable, "the court should hold continued detention unreasonable and no longer authorized by statute," though any release "may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances, and the alien may no doubt be returned to custody upon a violation of those conditions." *Id.* at 699–700.

In *Zadvydas*, the Supreme Court adopted a "presumptively reasonable period of detention" of six months in recognition of the Executive Branch's primary responsibility in foreign policy matters and the sometimes sensitive nature of repatriation negotiations that may call for difficult judgments regarding whether removal is reasonably foreseeable. *Zadvydas*, 533 U.S. at 689. "After this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701. Because Guarin Perez has been in detention for longer than six months, the court turns to whether his removal is reasonably foreseeable.

To start, as long as the withholding of removal order as to Colombia is in effect, Guarin Perez cannot be removed to Colombia. Guarin Perez represents that Mexico has refused to accept him, and he has not been told about any other country under

4

consideration for his removal. This constitutes good reason to believe that there is no significant likelihood of Guarin Perez's removal in the reasonably foreseeable future.

To rebut this showing, respondents offer only vague statements that ICE/ERO is investigating third country removal options. ICE has had since July 2, 2025, when Guarin Perez was granted withholding of removal, to identify a third country for removal. More than seven months have passed, and no country has been found that might accept Guarin Perez. Consequently, the court finds Guarin Perez's removal is not reasonably foreseeable. Therefore, respondents must release him.

For these reasons, the court:

(1)  **GRANTS** the petition for writ of habeas corpus (ECF 1) to the extent that respondents are **ORDERED** to release Luis Ricardo Guarin Perez on the same conditions of supervised release that existed before his re-detention and to certify compliance with this order by filing a notice with the court by **March 23, 2026**;

(2) **DIRECTS** the clerk to email a copy of this order to the Warden of the Miami Correctional Facility at the Indiana Department of Correction to secure his release; and

(3) **ORDERS** that any fee petition should be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

SO ORDERED on March 19, 2026

/s/ *Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT
